UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ABIMAEL PEREZ, ET AL.,
    PLAINTIFFS                 CIVIL ACTION 3:15CV00642-CSH
V.
GOODFELLAS CAFÉ LLC, ET AL.,
    DEFENDANTS
                              NOVEMBER 27, 2015

**REPLY TO OPPOSITION TO MOTION TO DISMISS BY GOODFELLAS CAFÉ, LLC, FRANCESCO AURIOSO AND ANDREA COPPOLA**

I.    **FAIR LABOR STANDARDS ACT**

    The Plaintiffs' FLSA claims against Defendant Aurioso remain deficient under the "economic reality" test because their own allegations demonstrate that Aurioso did not "possess[ ] the power to control **the workers in question**." (Emphasis added.) Herman v. RSR Security Services Ltd., 172 F.3d, 139 (2d Cir. 1999). While Plaintiffs maintain that the allegations as to Defendant Aurioso fit the economic reality test, these allegations relate to employees in general, but not these plaintiffs, the workers in question. While plaintiffs claim their allegations demonstrate that Aurioso "had the power to hire and fire the Workers," Plaintiffs' Memorandum of Law In Opposition to Defendant To The Motion To Dismiss Of Francesco Aurioso, Andrea Coppola, And Goodfellas Café, LLC, pp. 6-7 (Doc. 49), the allegations of the Amended Complaint are as to Aurioso's power in this regard to employees generally, not specifically to the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX

"workers in question." Amended Complaint ¶ 13 ("Defendant Aurioso managed employees and was responsible for hiring, firing, and paying employees"). Aurioso is specifically alleged to have supervised workers in the "front of the house," Amended Complaint ¶ 17, which was not a group that included the plaintiffs. Amended Complaint ¶ 16 ("Iannaccone is also the head chef of Goodfellas Restaurant and supervises workers in the back of the house, including bussers and those working in the kitchen, a group that includes Plaintiffs"). There is likewise no claim that Defendant Aurioso hired or fired these workers in question, although he is alleged to have the general power to do so. Amended Complaint ¶ 13.  For these reasons, the FLSA claim against him must be dismissed.

## II. CONNECTICUT MINIMUM WAGE ACT

The general allegations that Defendant Aurioso could hire, fire and supervise employees, are also insufficient to support a claim that he is an employer under the CMWA. Although citing the "broadly construed" definition of employer adopted by Connecticut courts, the plaintiffs' reliance on Defendant Aurioso's general powers does not satisfy this standard. As recognized by the plaintiffs, the term employer as used in § 31-72 "encompasses an individual who possess the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX

the specific or exclusive cause of improperly failing to do so." Butler v. Hartford Technical Institute, Inc., 243 Conn. 454 (1997). The plaintiffs' allegations fall far short of this standard as it relates to Defendant Aurioso. While Plaintiffs rely on the standard of Butler, supra, and argue that their allegations are sufficient, they cite no cases involving the general allegations as made against Aurioso as being sufficient for a cause of action under the CMWA, and have not made similar allegations as were found to support a violation of the CMWA in Butler:

> The trial court expressly found Skidmore performed only work which the defendant and Susan Meyers requested. Skidmore was expected to work overtime and did so. The trial court further found that the defendant was the individual in control of, and solely responsible for, all decisions with regard to wages, and concluded that the defendant 'was *specifically* the *cause* for the withholding of, and the failure and refusal to pay the overtime wages' to Skidmore.
> 
> \* \* \*
> 
> Viewed in its entirety, the evidence demonstrates that the trial court's findings that only the defendant could approve wage payments and his refusal to pay overtime wages was the cause of the failure to compensate Skidmore properly were not clearly erroneous.

(Emphasis in original.) Butler, supra, 243 Conn. at 464-65.

As with the FLSA, more is required to establish a cause of action under the CMWA than general allegations of the ability to hire, fire and supervise, which are directly contradicted by the specific allegations as to who hired, fired and supervised these plaintiffs.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX

### III.   FORCED LABOR PURSUANT TO TVPRA

The Defendants incorporate by reference Defendant Iannaccone's argument in his Reply To Opposition To Defendant Iannacone's Motion To Dismiss, pp. 5-7 (Doc. 59). Defendant's Aurioso and Coppola further dispute that the allegations are sufficient to demonstrate that they knew or should have known of the alleged force labor.

Plaintiffs claim that they allege that Defendant Aurioso "worked in the kitchen environment with Defendant Iannaccone regularly" and cite paragraph 13 of the Amended Complaint for this proposition. Plaintiff's Mem. In Opposition, p. 13 (Doc. 49). Such an allegation is not contained in paragraph 13. As previously detailed, paragraph 13 alleges that Aurioso "managed employees and was responsible for hiring, firing and paying employees…." Moreover, plaintiffs have alleged that Defendant Aurioso supervised the workers in the front of the house, while Defendant Iannaccone was in the "back of the house." Amended Complaint ¶¶ 16-17. None of these allegations can be fairly construed as Defendant Aurioso working regularly in the kitchen. Plaintiffs further allege that Defendant Aurioso "witnessed Defendant Iannacone's use of racial epithets and threats of deportation against the workers." Id. at 14. Plaintiffs cite paragraphs 17-18, and 127 of the Amended Complaint for this allegation, although no such allegation is contained in these. Similarly, plaintiffs claim they allege that

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX

Defendant Coppola knew or should have known that the restaurant utilized forced labor, but likewise fails to actually make these allegations.

### IV.   RACKETERRING INFLUENCED CORRUPT ORGANIZATIONS ACT (RICO)

The Defendants incorporate by reference Defendant Iannaccone's argument in his Reply To Opposition To Defendant Iannacone's Motion To Dismiss, pp. 7-10 (Doc. 59).

### V.   42 U.S.C. §1981

These Defendants moved to dismiss the claims under 42 U.S.C. § 1981 "[t]o the extent the Fifth Claim for Relief based upon race and national origin discrimination is directed towards Aurioso and Coppola, it should be dismissed because there are no specific allegations relating to conduct by these two defendants which could be construed as discrimination based upon race or national origin." Memorandum of Law In Support of Motion To Dismiss By Goodfellas Café, LLC, Francesco Aurioso And Andrea Coppola, pp. 13-14 (Doc. 44). The Plaintiffs have responded that they have in fact directed allegations of discrimination against these Defendants and additionally that they were "joint employers of Workers Perez, M. Morales, Ceron, and Gonzalez (the "Section 1981 Plaintiffs") under 42 U.S.C. § 1981. Plaintiff's Mem. In Opposition, pp. 17 and 25 (Doc. 49).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX

Plaintiff's claim that sufficient allegations are made against Aurioso and Coppola as a basis for relief under 42 U.S.C. § 1981 are undermined by their allegations in their Fifth Claim For Relief which are all directed towards Defendant Iannaccone including the only allegation specifically linking a defendants conduct with the hostile work environment: "[t]he Section 1981 Plaintiffs' work environment was hostile an abusive **as a result of Defendant Iannaccone's conduct**." (Emphasis added.) Amended Complaint ¶ 153 (Doc. 26). While the plaintiffs did generally allege that "Defendants created a hostile and hateful working environment, berating and belittling their workers with racist, xenophobic, and homophobic slurs..." Id. at p. 1, there are no specific allegations as to Aurioso and Coppola in the Fifth Claim For Relief.

In an effort to save this claim as to these Defendants, the plaintiffs have claimed "joint employment" as a basis of liability. However, plaintiffs have not and cannot cite to where this allegation is contained in the Amended Complaint as to this count. While plaintiffs alleged joint employment in the context of the FLSA claim, Id. at ¶ 102 ("At all relevant times, Defendants Goodfellas Café LLC, AC702 LLC, Gennaro Iannaccone, Andrea Coppola, and Francesco Aurioso were joint and/or integrated employers within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2") and under the CMWA claim, Amended Complaint ¶ 111 ("At all relevant times, Defendants Goodfellas Café LLC,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX

AC702 LLC, Gennaro Iannaccone, Andrea Coppola, and Francesco Aurioso were employers within the meaning of Conn. Gen. Stat. §§ 31-58(e) and 31-71a(1)"), the same allegation is not made as it relates to the claim for relief under 42 U.S.C. § 1981.

>THE DEFENDANTS, GOODFELLA'S CAFÉ, LLC,
>ANDREA COPPOLA, FRANCESCO AURIOSO AND
>
>/S/ Donn A. Swift, Esq.
>    DONN A. SWIFT, ESQ.
>    LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
>    52 TRUMBULL STREET, POB 1612
>    NEW HAVEN, CT 06510
>    FEDERAL BAR ct05274

### CERTIFICATION

This is to certify that the foregoing was e-filed by defendant and served by regular mail on anyone unable to accept electronic filing, on November 27, 2015. Notice of this e-filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

Michael Wishnie, Esq.
Jerome N. Frank Services
127 Wall Street
New Haven, CT 06511

Eric Desmond, Esq.
William A. Ryan, Esq.
Ryan and Ryan, LLC
900 Chapel Street
Suite 621
New Haven, CT 06510

>/S/ Donn A. Swift, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\23500-23999\23575 G. IANNACONE\004 ABIMAEL PEREZ VS. GOODFELLAS CAFE LLC - DAS\PLEADINGS\2015\REPLYMOTIONTODISMISS.DOCX